# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **Case No: 98-cr-329-RCL** |
| | ) | |
| **ERIK JONES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court is defendant Erik Jones' motion [ECF No. 1151] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). This motion is based on Amendment 782 to the United States Sentencing Guidelines and must be analyzed under the "two step inquiry" set forth in *Dillon v. United States*, 560 U.S. 817 (2010). Under *Dillon*'s test, the Court must first determine if Mr. Jones is eligible for a sentence reduction under § 3582(c)(2) and then determine whether or a not such a reduction is warranted according to the factors enumerated in 18 U.S.C. § 3553(a). After considering Mr. Jones' motion, the record in this case, and the applicable law, the Court will deny Mr. Jones' motion because he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## I.    BACKGROUND

In 1999, Mr. Jones and several co-defendants were charged in a 101 count indictment with various crimes including eighteen murders, twenty firearms offenses, twenty-seven narcotics offenses, and twenty additional crimes of violence. Mr. Jones plead guilty to Count One of the superseding indictment, which charged him with conspiracy to distribute and possession with intent to distribute controlled substances. The controlled substances included 50 grams or more of cocaine base, 1000 kilograms or more of cannabis, and a detectable amount of phencyclidine.

1

He also acknowledged responsibility for the following overt acts listed in the indictment: assault with intent to kill and two instances of first degree murder.

Because Mr. Jones specifically admitted to committing more serious offenses (assault with intent to kill and murder), the Guidelines required the application of guidelines relative to the more serious offense. *See* U.S.S.G. § 1B1.2(a). As a result, the combined adjusted offense level was 47. After a two point reduction for acceptance of responsibility, Mr. Jones' total offenses level was 45. Under U.S.S.G. Chapter 5, Part A, n.2, an offense level greater than a 43 was to be treated as a 43. Thus, with an offense level of 43, and a criminal history category of III, the guidelines range of imprisonment for Mr. Jones was life.

In his plea agreement, Mr. Jones and the government agreed that a sentence of 120 months was appropriate pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), under which the government and the defendant may agree that a specific sentence if appropriate. Mr. Jones was sentenced to 120 months imprisonment.

## II.  LEGAL STANDARDS

Courts may modify terms of imprisonment once they have been imposed when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On April 30, 2014, the Sentencing Commission submitted to Congress Amendment 782, proposing a downward revision to sentencing ranges for drug trafficking offenses (sometimes referred to as "all drugs minus two"), and Amendment 788 which allows for the retroactive application of Amendment 782. Amendment 782 affects U.S.S.G. § 2D1.1, which

discusses the base offense levels for the manufacture, importation, exportation, or trafficking of drugs, and attempt or conspiracy to commit such offenses. Amendments 782 and 788 became effective on November 1, 2014. The policy statement regarding Amendment 782 is contained in U.S.S.G. § 1B1.10.

Courts follow a two-step approach when determining whether a sentence reduction is warranted under § 3582(c). *Dillon*, 560 U.S. at 826. First, the court determines whether a defendant is eligible for a sentence reduction and to what extent. *Id.* at 826–27. The court must "'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). However, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution. Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* (citing U.S.S.G. § 1B1.10(b)(2)(A)–(B)).

If the defendant is eligible for a sentence reduction, the court moves on to step two, which is "to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## III.    ANALYSIS

The Court finds that Mr. Jones is not eligible for a sentence reduction. As previously explained, Mr. Jones' original total offense level was 43, which, combined with a criminal history category of III, resulted in an imprisonment range of life. Mr. Jones' revised total offense level

remains a 43, and his imprisonment range remains life. Mr. Jones' actual term of imprisonment—120 months—was a significant reduction to the term of life, which resulted from his plea agreement with the government. Because Mr. Jones' Guidelines range does not change as a result of Amendment 782, and because his sentence of 120 months is less than the revised guidelines range of life, Mr. Jones is not eligible for a sentence reduction. Mr. Jones' motion does not pass the first step of *Dillon* and the Court will deny his motion.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Mr. Jones is not eligible for a sentence reduction. His motion will be denied. A separate Order accompanies this Memorandum Opinion.

Date: August 9, 2017

Royce C. Lamberth
United States District Judge